# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2886 | **DATE** | SEPT. 3 , 2003 |
| **CASE TITLE** | UNITED STATES vs. SANTA CHIAPETTA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant's motion to vacate, set aside, or correct sentence [1] is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's motion under 28 U.S.C. § 2255. If plaintiff wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, IL 60604, within sixty (60) days of the entry of judgment in this case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | | |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | SEP 0 4 2003 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | 9/3/2003 | | |
| | | courtroom deputy's initials | | date mailed notice | | |
| cw | | | | cw | | |
| | | | | mailing deputy initials | | |

Document Number

9

U.S. DISTRICT COURT
CLERK

03 SEP -3 PM 5:14

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
                                    )
       v.                           )       No. 03 C 2886
                                    )
SANTA CHIAPETTA,                    )
                                    )
                  Defendant.        )

**DOCKETED**

SEP 0 4 2003

## MEMORANDUM OPINION AND ORDER

Following a jury trial, defendant Santa Chiappetta was
found guilty of 13 counts of mail and wire fraud in violation of
18 U.S.C. §§ 1341 and 1343 and two counts of money laundering in
violation of 18 U.S.C. § 1957. It was shown that, between 1993
and 1998, defendant fraudulently represented to investors that
she was manufacturing and marketing various items, including
handbags, sunglasses, sports bags, and items bearing the logo of
the television show "Baywatch." She also solicited money for
investment in the production of a movie. The evidence showed
that defendant did not actually use the money she obtained for
the represented investment purposes, but instead used it for
personal expenditures. The evidence of defendant's guilt was
overwhelming.

After the verdict was returned, defendant timely moved
for judgment of acquittal or alternatively for a new trial. See

_9_

29 Fed. R. Crim. P. 29(c), 33 (2000).  Defendant contended
(1) she was denied the right to a fair trial because she was
denied a continuance of the trial date; (2) trial counsel
provided ineffective assistance of counsel by failing to
adequately investigate and prepare her defense; and (3) Rule
404(b) evidence should have been excluded.  All three contentions
were rejected.  See United States v. Chiappetta, 2000 WL 1230454
(N.D. Ill. Aug. 23, 2000) ("Chiappetta II").  See also Order
dated April 26, 2000 in 99 CR 847.  Thereafter, defendant was
sentenced to 97 months' imprisonment to be followed by 60 months'
supervised release and was also ordered to pay $1,881,669 in
restitution.  The only issue raised on direct appeal was whether
the trial date should have been continued.  The Seventh Circuit
affirmed.  See United States v. Chiappetta, 289 F.3d 995 (7th
Cir. 2002) ("Chiappetta III").

On April 29, 2003, defendant timely filed her pro se
motion under 28 U.S.C. § 2255.  She contends her counsel provided
ineffective assistance by failing to adequately investigate and
prepare her case, failing to present witnesses and documentary
evidence, and by failing to advise her to accept a guilty plea.
There is no present contention by the government that any of
these issues are waived because already raised in whole or part
in the posttrial motion, but not raised on direct appeal.[1]  See

---

[1]Defendant contends the government's reply brief should
be ignored because it was not entitled to file such a brief.  The
court's June 3, 2003 minute order, however, specifically provided
that the government could file a reply brief.

Chiappetta III, 289 F.3d at 1001; Massaro v. United States, 123
S. Ct. 1690 (2003).

To prevail on an ineffective assistance of counsel claim,
defendant must show both that the performance of her attorney
fell below an objective standard of reasonableness and that the
deficient performance caused her prejudice. See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984); Hardamon v. United
States, 319 F.3d 943, 948 (7th Cir. 2003); Anderson v. Sternes,
243 F.3d 1049, 1057 (7th Cir.), cert. denied, 534 U.S. 930
(2001). If one component cannot be satisfied, it is not
necessary to reach the merits of the second component. See
United States v. Pratt, 52 F.3d 671, 675 (7th Cir.), cert.
denied, 516 U.S. 881 (1995). As to the deficient performance
prong, the scrutiny of counsel's performance is highly
deferential; defendant has the heavy burden of overcoming the
strong presumption that counsel's performance was effective.
Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003). To
meet this burden, defendant must establish specific acts or
omissions of counsel which constitute ineffective assistance
because they fall below prevailing professional norms. Id. As
to the prejudice prong, it must be shown "that there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.
A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694. See
also Hardamon, 319 F.3d at 948; Anderson, 243 F.3d at 1057.

As to the contentions that counsel failed to investigate or present documentary evidence and witnesses, defendant must make a specific, affirmative showing as to what the missing documentary and testimonial evidence would have been. Patel v. United States, 19 F.3d 1231, 1237 (7th Cir. 1994); Ware v. McAdory, 2003 WL 21355478 *7 (N.D. Ill. June 10, 2003); United States ex rel. Jones v. Chrans, 187 F. Supp. 2d 993, 1009 (N.D. Ill.), aff'd sub nom. by unpublished order, Jones v. Briley, 49 Fed. Appx. 623 (7th Cir. 2002), cert. denied, 123 S. Ct. 1265 (2003); United States ex rel. Smith v. McVicar, 2001 WL 910397 *6 (N.D. Ill. Aug. 10, 2001). In her posttrial motion, defendant raised similar contentions as to ineffective assistance of counsel.[2] See Chiappetta II, 2000 WL 1230454 at *4. The posttrial motion was accompanied by affidavits showing potential testimony as well as exhibits showing documentary evidence that trial counsel did not present. That evidence substantially overlaps with the documentary and testimonial evidence that defendant now complains was not presented. See Docket Entries 64, 68, and 69 in 99 CR 847.[3] In Chiappetta II, the court found

---

[2]Two attorneys represented defendant before and during the trial. The posttrial motions were filed by new attorneys who also represented defendant on appeal.

[3]Since defendant does not presently provide specific allegations, the extent of overlap cannot be precisely determined. Also, although the briefs filed with the posttrial motion are presently available to the court, the documentary exhibits that were submitted with defendant's motion have been returned to the defendant. See Docket Entries 96 and 65 in 99 CR 847. The government's submissions are attached to its answer brief to the posttrial motion. In any event, the burden is on

the following regarding defendant's contentions regarding exculpatory evidence that would have been presented if not for her attorneys' allegedly deficient performance:[4]

> Overwhelming evidence was presented that defendant obtained monetary investments from specific victims and instead of investing the money as she had represented, defendant instead spent the money for her personal consumption. No evidence was presented that any of the money was actually used for the purposes represented. There was also substantial evidence that defendant misrepresented her then-present and prior business dealings. To most of her victims, defendant represented that she had a successful, ongoing business and that the money would be used to purchase or produce products and for other business purposes. The evidence that defendant claims should have been introduced, and allegedly would have been introduced had she been able to fully assist her attorney, does not contradict this evidence. Defendant contends that documentary and other evidence could have been introduced to show that she did indeed have some license agreements. However, none of these documents show that she had a successful business as she had represented and some of the documents are from well before the time period of most of the charged fraudulent transactions. More importantly, none of the additional evidence shows that any of the funds that defendant obtained from victims was used for a legitimate business purpose.
> Defendant contends she could have cross examined the victims in an attempt to show her actual statements to them regarding her existing or past business successes were consistent with the documents. Even if successful in making such a showing, there would still be no evidence that she actually used the funds obtained for investment purposes. Also, the documents could

defendant to presently provide specific allegations regarding the evidence that allegedly could have been presented.

[4] It was also contended that the same evidence would have been presented if a continuance of the trial date had been granted.

have had a negative impact by showing defendant
was not as successful as the victims testified
she had represented to them.

2000 WL 1230454 at *4. It was held that this evidence did not

have a reasonable probability of affecting the outcome of the

trial. Id. On direct appeal, the Seventh Circuit did not

address the ineffective assistance of counsel claim,[5] instead

indicating that it would be better to raise it in § 2255 motion

that would allow for further development of the record. See

Chiappetta III, 289 F.3d at 1001 (citing United States v.

Gilliam, 255 F.3d 428, 437 (7th Cir. 2001)).

The allegations that defendant now makes in her § 2255

motion are less well developed than those presented in support of

the ineffective assistance of counsel claim that was raised in

support of her posttrial motion. That is not surprising, given

that the posttrial motion was prepared by an attorney and the

§ 2255 motion is being pursued pro se. However, defendant still

must present sufficient, specific allegations supporting that the

additional evidence had a reasonable probability of affecting the

outcome of her trial. Defendant has not alleged any additional

potential evidence that would change the conclusion reached in

Chiappetta II. Defendant still has not alleged facts that would

support that any failure to adequately investigate or prepare

---

[5]Defendant did not attempt to raise ineffective
assistance of counsel on direct appeal, but the government urged
the Seventh Circuit to consider the issue. See Chiappetta III,
289 F.3d at 1001.

witnesses or evidence had a reasonable probability of affecting
the outcome of her trial. Therefore, defendant's ineffective
assistance of counsel claims based on the failure to adequately
investigate and prepare for trial do not state a basis for
granting relief.

Defendant's other claim is that her attorneys were
ineffective for having failed to adequately encourage her to
accept a plea offer. According to defendant: "At one point
during negotiations with the United States Attorney's Office,
Petitioner was offered a verbal plea deal which entailed only 18
months' confinement. Petitioner was unable to determine what was
in her own best interest. Petitioner relied solely upon the
advice of her counsel in rejecting the deal and proceeding to
trial." § 2255 Motion at 11. She also contends: "If Petitioner
had been informed and encouraged to by competent counsel to plead
guilty, she would certainly have acknowledged and admitted the
level of guilt at that point. Petitioner should never have been
encouraged to go to trial and then left by her attorneys with few
last-minute witnesses and no documentary or material
evidence/exhibits." Def. Reply to Govt. Response at 4.

The government does not specifically respond to the
contention that defendant was verbally offered a plea deal that
would have resulted in 18 months' confinement. The government
points to the fact that the parties entered into a written plea
agreement, but that the plea was not accepted by the court
because of defendant's reluctance to admit guilt. A plea

colloquy was held. However, after the government presented the factual basis for the plea, defendant disagreed with facts essential for her guilt and the guilty plea was not accepted. See April 26, 2000 Tr. at 32-35. The government contends this shows defendant was not willing to enter into a plea agreement. The written plea agreement considered on April 26, 2000, however, involved an estimated guideline range of 21-30 months' incarceration (defendant's position) or 70-121 months' incarceration (government's position). Id. at 6-8. This is different than the alleged 18-month verbal offer.

To satisfy the prejudice prong of this claim, defendant "must show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, [s]he would have accepted the government's offer." Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998). Accord Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991), cert. denied, 505 U.S. 1223 (1992); Golden v. United States, 35 F. Supp. 2d 664, 668 (N.D. Ind. 1999). Objective evidence requires something more than defendant's representation that she would have accepted the plea had she received different advice. Paters, 159 F.3d at 1046-47; United States v. Fudge, 325 F.3d 910, 923 (7th Cir. 2003); Johnson v. Duckworth, 793 F.2d 898, 902 n.3 (7th Cir.), cert. denied, 479 U.S. 937 (1986); United States ex rel. Sams v. Chrans, 165 F. Supp. 2d 756, 760-61 (N.D. Ill. 2001); Nelson v. United States, 22 F. Supp. 2d 860, 864 (C.D.

Ill. Aug 21, 1998). Here, defendant's refusal to acknowledge her guilt after entering into a written plea agreement goes against finding that she would have been willing to accept a plea offer, even one purportedly involving a lesser sentence. Cf. Johnson, 793 F.2d at 902 n.2. Even now, defendant continues to deny that she had the necessary intent to defraud. "Petitioner is not claiming inability to acknowledge her criminal wrongdoing, and in fact has accepted responsibility for paying inappropriate commissions in this very reply. Petitioner's intent was never to defraud any investor, but for them to develop a growing and profitable business." Def. Reply to Govt. Response at 4. Also, defendant does not point to any specific advice of counsel that may have misled her. Since defendant presents no possible objective evidence in support of her contended willingness to plead guilty, defendant cannot satisfy the prejudice prong of that claim.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct sentence [1] is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's motion under 28 U.S.C. § 2255. If plaintiff wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of

Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED:   SEPTEMBER 3  , 2003